# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA FREITAG, Court-appointed receiver for ANI DEVELOPMENT, LLC, AMERICAN NATIONAL INVESTMENTS, INC., and their subsidiaries and affiliates,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES COVINGTON, an individual; LISA COVINGTON, an individual; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 21-cv-1748-LAB-AHG<br><br>**ORDER STAYING ACTION** |

On October 8, 2021, the Receiver initiated this case to recover funds Defendant James Covington received from the Champion-Cain Ponzi scheme.[1] (Dkt. 1); *see also SEC v. Champion-Cain*, No. 3:19-cv-1628-LAB-AHG (S.D. Cal. Dec. 18, 2020), ECF No. 551 (approving the Receiver's authority to pursue clawback claims). Covington was served with process pursuant to Rule 4 of the

---

[1] The Complaint also names Lisa Covington as a Defendant. On January 28, 2022, upon learning of Ms. Covington's death, the Receiver voluntarily dismissed Ms. Covington from the action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).(Dkt. 6).

Federal Rules of Civil Procedure, (see Dkt. 5), and never entered a pleading or otherwise appeared, (see Dkt. 9). On February 2, 2022, following the Receiver's request, the Clerk entered default against Covington. (*Id.*). On March 3, 2022, the Receiver filed her motion for default judgment, with a hearing set for April 18, 2022. (Dkt. 10). The Receiver properly served the motion on Covington. (*See* Dkt. 10-4). Pursuant to Civil Local Rule 7.1(e)(2), Covington had until April 4, 2022, to file any opposition to the motion.

On April 4, instead of filing an opposition to the Receiver's motion, Covington filed a petition for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the District of Kansas. *See In re Covington*, No. 22-bk-20303 (Bankr. D. Kan. Apr. 12, 2022), ECF No. 1. By operation of law, the filing of the bankruptcy petition triggered an automatic stay of all judicial actions pending against Covington. *See* 11 U.S.C. § 362(a); *Gruntz v. Cty. of Los Angeles*, 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc) ("The automatic stay is self-executing, effective upon the filing of the bankruptcy petition.").

The automatic stay deprives this Court of the ability to act on the Receiver's motion for default judgment. *See Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 746–47 (9th Cir. 2017) (finding the automatic bankruptcy stay applies to the continuation of nearly all formal and informal actions against the debtor). Pursuant to 11 U.S.C. § 362, this action is **STAYED** in its entirety until the automatic bankruptcy stay is lifted.

The Receiver shall notify the Court when the stay is lifted.

**IT IS SO ORDERED.**

Dated: October 13, 2022

*[signature]*

**Hon. Larry Alan Burns**
United States District Judge